Caroline E. Oks, Esq.
Jessica L. Guarracino, Esq.
**GIBBONS P.C.**
One Gateway Center
Newark, New Jersey 07102-5310
973-596-4500
*Attorneys for Defendants The Cigna Group,*
*Cigna Health and Life Insurance Company,*
*and Cigna Healthcare of New Jersey, Inc.*

### UNITED STATES DISTRICT COURT
### DISTRICT OF NEW JERSEY

| | |
|---|---|
| HEALTHCARE JUSTICE COALITION NJ, LLC, <br><br> Plaintiff, <br><br> v. <br><br> CIGNA CORPORATION, CIGNA HEALTH AND LIFE INSURANCE COMPANY, CIGNA HEALTHCARE OF NEW JERSEY, INC., and DOES 1-20, inclusive. <br><br> Defendants. | Civil Action No.  24-cv-645 <br><br> *Document electronically filed* <br><br><br> **NOTICE OF REMOVAL** <br><br> [Previously pending in the Superior Court of New Jersey, Gloucester County, Docket No. GLO-L-000020-24] |

TO:   **Clerk of the Court**
       United States District Court
       District of New Jersey
       Mitchell H. Cohen Building & U.S. Courthouse
       4th & Cooper Streets
       Camden, NJ 08101

       Dante B. Parenti, Esq.
       LAULETTA BIRNBAUM, LLC
       591 Mantua Blvd., Suite 200
       Sewell, NJ 08080
       Telephone: (856) 669-2584
       Fax : (856) 232-1601
       E-Mail: dparenti@lauletta.com

       Eric D. Chan
       Avi W. Rutschman
       ATHENE LAW, LLP

10866 Washington Blvd., #142
Los Angeles, CA 90232-3610
Telephone: (310) 913-4013
E-mail: eric@athenelaw.com
E-mail: avi@athenelaw.com
*Attorneys for Plaintiff*
*Healthcare Justice Coalition NJ, LLC*

**PLEASE TAKE NOTICE** that pursuant to 28 U.S.C. §§ 1441 (b), (c) and 1446, the defendants The Cigna Group (improperly named in the Complaint as Cigna Corporation), Cigna Health and Life Insurance Company, and Cigna Healthcare of New Jersey, Inc. (collectively, "Cigna" or "Defendants"), through its attorneys Gibbons P.C., hereby file this Notice of Removal to remove the above-captioned civil action, and all claims and causes of action therein, from the Superior Court of New Jersey, Law Division, Gloucester County, to the United States District Court for the District of New Jersey.[1]  For the reasons stated below, removal of this action is proper because:  (1) the parties in this matter are citizens of different states and the amount in controversy exceeds $75,000; therefore, this Court has diversity jurisdiction under 28 U.S.C. § 1332; and (2) this Court has federal question jurisdiction under 28 U.S.C. § 1331.  As to any cause of action not subject to this Court's original jurisdiction under 28 U.S.C. § 1331, this Court also has supplemental jurisdiction under 28 U.S.C. §§ 1367 and 1441(c).

## I.    PROCEEDINGS TO DATE

1.    A lawsuit styled *Healthcare Justice Coalition NJ, LLC v. Cigna Corporation, Cigna Health and Life Insurance Company, Cigna Healthcare of New Jersey, Inc., and Does 1-20, inclusive*, was filed on January 8, 2024, in the Superior Court of New Jersey, Law Division, Gloucester County (the "State Court Action").

---

[1] Defendants, by filing this Notice of Removal, do not in any way waive service of process and reserve all rights to challenge service of process as improper.  Plaintiff's attempt at service on Defendants was not proper under New Jersey law.

2.      Attached hereto as Exhibit A are copies of all process, pleadings, orders, and other documents received by Cigna relating to the State Court Action, consisting at this time of: (a) Complaint; (b) Track Assignment Notice; (c) Affidavit of Service as to Cigna Corporation; (d) Affidavit of Service as to Cigna Health and Life Insurance Company; (e) Affidavit of Service as to Cigna Healthcare of New Jersey, Inc.; (f) Summons and Complaint addressed to Cigna Corporation, received via email; (g) Summons and Complaint addressed to Cigna Health and Life Insurance Company, received via email; and (h) Summons and Complaint addressed to Cigna Healthcare of New Jersey, Inc.[2]

## II.      PLAINTIFF'S COMPLAINT

1.      Plaintiff alleges that this lawsuit arises from Cigna's alleged failure to pay for or significant underpayment of out of network medical services rendered by emergency physicians to Cigna's members.  *See* Complaint, Ex. A ("Compl.") ¶¶ 3, 15, 14, 25.

2.      According to the Complaint, Plaintiff has collaborated with certain emergency medicine practice groups to ensure that the physicians are not underpaid by Cigna.  *Id*. ¶¶ 2-3.

3.      Plaintiff itself is not a physician, but states that it has been assigned "the reimbursement claims at issue from the Physicians and has the necessary rights and ability to sue to recover the full billed charges, or in the alternative, the reasonable value for the Physician services at issue." *Id*. ¶¶ 4, 15, 24-26, 53.

4.      Plaintiff alleges that this case concerns over 6,000 benefit claims spanning from November 2017 to the present, with a total underpayment amount of over $4 million, exclusive of interest. *Id*. ¶ 27.

---

[2] Recitation in this Notice of Removal of certain allegations in the pleadings in this matter is not an admission of their truth.  Defendants do not waive, and hereby expressly reserve, all rights, privileges, and defenses in this matter.

5.      Plaintiff does not identify every claim on which it seeks to recover and instead provides four allegedly illustrative examples of the claims at issue:

     a.   Patient 1's out-of-network medical provider submitted a claim for reimbursement to Cigna in the amount of $1,195, of which Cigna paid $510;

     b.   Patient 2's out-of-network medical provider submitted a claim for reimbursement to Cigna in the amount of $2,089, of which Cigna paid $341;

     c.   Patient 3's out-of-network medical provider submitted a claim for reimbursement to Cigna in the amount of $2,092, of which Cigna paid $533; and

     d.   Patient 4's out-of-network medical provider submitted a claim for reimbursement to Cigna in the amount of $1,965, of which Cigna paid $341.

*Id.* ¶¶ 25, 28-33.

6.      Plaintiff alleges that Cigna did not pay the full amount of these claims because the physicians rendered care to Cigna's members on an out-of-network basis. *Id.* ¶ 25.

7.      However, Plaintiff argues that, because the physicians were required to render emergency care to Cigna's members, Cigna must pay the physicians—and by way of an assignment, Plaintiff—the reasonable value of the care rendered.  *Id.* ¶¶ 22-24.

8.      The Complaint alleges three causes of action.  *Id.* ¶¶ 10-14.

9.      *First*, invoking the federal Emergency Medical Treatment and Labor Act, 42 U.S.C. § 1395dd ("EMTALA"), Plaintiff alleges a claim for quantum meruit / unjust enrichment on the grounds that Cigna accepted and benefitted from the physician's services, but "paid for the claims at issue for the services provided at rates substantially lower than the reasonable value of the services provided or failed to pay any amount of the claims at issue."  *Id.* ¶¶ 34-45.

4

10.     *Second*, Plaintiff alleges a claim for breach of implied contract on the grounds that Defendants allegedly indicated, "by their course of conduct and dealing, that they would hold their Members harmless" and, in order to do so, Defendants "necessarily had to pay the reasonable value for the emergency services rendered by the Physicians." *Id.* ¶¶ 46-55.

11.     *Third*, Plaintiff alleges a claim for violation of the New Jersey Health Claims Authorization, Processing, and Payment Act ("HCAPPA") because Defendants allegedly failed to remit full payment of the claims or provide required written notices regarding the claims and payment of the claims. *Id.* ¶¶ 56-63.

12.     The claims at issue in this matter are covered, if at all, by employer-sponsored health-benefits plans governed by ERISA. *See* 29 U.S.C. § 1002(1)(A).

13.     Because, as detailed below, the Complaint seeks reimbursement of amounts paid for medical services pursuant to an employee-benefit plan subject to ERISA, this action concerns claims for benefits offered to an ERISA plan participant.

14.     Plaintiff instituted the State Court Action by filing an original complaint on January 8, 2024. A copy of the track assignment notice, complaint, and other filings or documents are attached hereto as Exhibit A.

15.     Based on information and belief, no other proceedings have been held in the Superior Court of New Jersey, Gloucester County. The documents attached hereto as Exhibit A thus constitute all process, pleadings, orders, and other documents concerning the State Court Action.

### III.     GROUNDS FOR REMOVAL - DIVERSITY JURISDICTION

16.     Section 1332 of title 28 of the United States Code provides that this Court shall have original jurisdiction over controversies between citizens of different States in which the

amount in controversy is in excess of $75,000 exclusive of interest and costs, and that a corporation shall be deemed a citizen of that State in which it is incorporated and that State in which it has its principal place of business.

17.     The only named plaintiff is Healthcare Justice Coalition NJ, LLC, a limited liability company.  *See generally* Compl.  The citizenship of a limited liability company "is determined by the citizenship of each of its members."  *Zambelli Fireworks Mfg. Co. v. Wood*, 592 F.3d 412, 418-20 (3d Cir. 2010).

18.     As confirmed by the Certificate of Formation held by the New Jersey Department of the Treasury, which was filed and certified on November 15, 2023, including by seal of Elizabeth Maher Muoio, State Treasurer of New Jersey, the sole member and manager of Plaintiff is Evin Levin. *See* Exhibit B.

19.     The Certificate of Formation lists Mr. Levin's address as 961 Broadway, Suite 105, Woodmere, New York 11598.  *Id*.

20.     Likewise, the Certificate of Formation lists a "main business address" of 961 Broadway, Suite 105, Woodmere, New York 11598.  *Id*.

21.     Therefore, for purposes of diversity jurisdiction under 28 U.S.C. § 1332, Plaintiff is a citizen of New York. *Zambelli Fireworks Mfg. Co.*, 592 F.3d at 418-20.

22.     Defendant The Cigna Group, wrongly named as Cigna Corporation in the Complaint, is a corporation formed and existing under the laws of the State of Delaware with its principal place of business in Philadelphia, Pennsylvania, and it is a citizen of Delaware and Pennsylvania for purposes of diversity jurisdiction under 28 U.S.C. § 1332.

23.     Defendant Cigna Health and Life Insurance Company ("CHLIC") is a corporation organized under the laws of the State of Connecticut, with its principal place of business at 900

Cottage Grove Road in Bloomfield, Connecticut. Therefore, CHLIC is a citizen of the State of Connecticut for purposes of diversity jurisdiction under 28 U.S.C. § 1332.

24.     Defendant Cigna Healthcare of New Jersey, Inc. is a corporation formed and existing under the laws of the State of New Jersey and is a citizen of New Jersey for purposes of diversity jurisdiction under 28 U.S.C. § 1332, but its State of citizenship is properly disregarded for removal purposes because it was fraudulently joined under applicable law.

25.     Accordingly, there is complete diversity under 28 U.S.C. § 1332(a)(1).

26.     Plaintiff alleges that this case concerns over 6,000 benefit claims spanning from November 2017 to the present, with a total underpayment amount of over $4 million, exclusive of interest.  Compl. ¶ 27.  Thus, the Complaint seeks monetary relief in an amount exceeding $75,000. 28 U.S.C. § 1332(a).

27.      The forum defendant rule does not prevent proper removal here.  While it is true that "[a] civil action otherwise removable solely on the basis of the jurisdiction under section 1332(a) of this title may not be removed if any of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought[,]" 28 U.S.C. § 1441(b)(2), Defendant Cigna Healthcare of New Jersey, Inc. is not properly joined and Plaintiff has yet to effectuate proper service on any defendant in this action.  The Third Circuit has held that the "plain meaning [of the forum defendant rule] precludes removal on the basis of in-state citizenship only when the defendant has been properly joined and served." *Encompass Ins. Co. v. Stone Mansion Rest. Inc.*, 902 F.3d 147, 152 (3d Cir. 2018) (emphasis added), *reh'g denied* (Sept. 17, 2018).

28.     Defendant Cigna Healthcare of New Jersey, Inc. is not properly joined in this suit. "In a suit with named defendants who are not of diverse citizenship from the plaintiff, the diverse defendant may still remove the action if it can establish that the non-diverse defendants were

'fraudulently' named or joined solely to defeat diversity jurisdiction." *In re Briscoe*, 448 F.3d 201, 216 (3d Cir. 2006).   Application of the doctrine of fraudulent joinder does not mean that the plaintiff acted to deceive.   Joinder is fraudulent for the purposes of this doctrine if "'there is no reasonable basis in fact or colorable ground supporting the claim against the joined defendant[.]'" *Id.* (quoting *Abels v. State Farm Fire & Cas. Co.*, 770 F.2d 26, 32 (3d Cir. 1985)).

29.     Plaintiff alleges that it asserts its claims on behalf of out-of-network physicians that have no network agreement with Defendants.  *See* Compl. ¶¶ 17-21, 25. Accordingly, Plaintiff's claims are based upon Defendants' alleged failure to pay Plaintiff's members the proper amounts for out-of-network medical services rendered as benefits under the plans administered by Defendants.

30.     The healthcare plans administered by Cigna Healthcare of New Jersey, Inc. function exclusively as health maintenance organizations ("HMOs").  By definition, all health care services provided in an HMO are provided by "in-network" providers.  Plaintiff's allegation that it represents out-of-network providers precludes the possibility that it is a provider-member of a Cigna Healthcare of New Jersey, Inc. HMO, and, consequently, it cannot reasonably be maintained that any of the benefits for services provided by Plaintiff's members were covered by a Cigna Healthcare of New Jersey, Inc. HMO plan.   Thus, no colorable ground appears that would support a claim against defendant Cigna Healthcare of New Jersey, Inc.

31.     In sum, accepting all factual allegations in the Complaint, there is no reasonable ground that the Complaint states a cause of action against the resident defendant, Cigna Healthcare of New Jersey, Inc.  *Briscoe*, 448 F.3d at 216, 219.

32.     Because Cigna Healthcare of New Jersey, Inc. is fraudulently joined under applicable law, and because all of the other defendants are citizens of different States than Plaintiff, this action is properly removed to this Court pursuant to 28 U.S.C. § 1441(a).

33.     In addition, Plaintiff has not properly served any of the Defendants.

34.     On January 11, 2024, Plaintiff attempted service on Cigna Corporation (n/k/a The Cigna Group).  *See* Ex. A.  However, Plaintiff's attempt at service on Cigna Corporation was not proper under New Jersey Court Rules 4:4-4.

35.     On January 11, 2024, Plaintiff attempted service on Cigna Health and Life Insurance Company.  *See* Ex. A.  However, Plaintiff's attempt at service on Cigna Health and Life Insurance Company was not proper under New Jersey Court Rules 4:4-4 and 4:4-5.

36.     On January 11, 2024, Plaintiff attempted service on Cigna Healthcare of New Jersey, Inc.  *See* Ex. A.  However, Plaintiff's attempt at service on Cigna Healthcare of New Jersey, Inc. was not proper under New Jersey Court Rules 4:4-4 and 4:4-5.

37.     Accordingly, because Defendants have not been properly served, 28 U.S.C. § 1441(b)(2) is not a bar to removal.

38.     Nevertheless, a defendant need not be served to join in removal.  The Third Circuit has recognized that a defendant may use "pre-service machinations to remove a case that it otherwise could not" by effectuating removal prior to being served.  *Encompass Ins. Co.*, 902 F.3d at 154.  Here, none of the defendants, including Cigna Healthcare of New Jersey, Inc. (the only forum defendant), have been "properly joined and served" in the State Court Action, such that removal is proper.  *See McKnight v. Amazon.com Inc.*, 2023 WL 8237251, at *2 (E.D. Pa. Nov. 28, 2023) (court held that "a non-forum defendant may remove a case to federal court on the basis of diversity jurisdiction where a separate, in-forum defendant has not yet been properly joined and

served"). Accordingly, although Defendants join in the notice of removal, they do not in any way waive service of process and reserve all rights to challenge service of process as improper.

39.     In sum, this action is properly removed to this District Court under 28 U.S.C. § 1441 because this Court has original jurisdiction over this action under 28 U.S.C. § 1332 and this Notice of Removal meets the requirements of 28 U.S.C. § 1446, as detailed herein. *See Bradley v. Just Greens, LLC*, 2019 WL 13256558, at *3 (D.N.J. May 20, 2019), *report and recommendation adopted*, 2019 WL 13256557 (D.N.J. June 10, 2019) (court held that "the Third Circuit's holding in *Encompass Ins. Co.* is precedential and controls our decision here. There is no dispute that when Defendants removed this action, Plaintiff had not yet effected service. There also is no dispute that the parties are of diverse citizenship, and that the Complaint satisfies the $75,000 threshold under § 1332(a). Accordingly, *Encompass Ins. Co.* makes clear that Plaintiff's motion to remand must be denied." (internal citations omitted)).

### IV.     GROUNDS FOR REMOVAL - FEDERAL QUESTION JURISDICTION

40.     A district court has federal question jurisdiction over all civil actions "arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331.

41.     As described in Part II above, because Plaintiff complains about alleged failures to reimburse benefits under ERISA-governed plans, any state-law claims against Defendants based upon that alleged failure are completely preempted by ERISA and removable to this Court based upon its federal-question jurisdiction under 28 U.S.C. § 1331. Plaintiff seeks reimbursement of medical benefits issued to the insured through ERISA-governed policies. Plaintiff has alleged that it is entitled to payment of benefits provided by Defendant.

42.     Implicit in Plaintiff's member-physician's seeking direct reimbursement for services provided to beneficiaries of plans governed by ERISA is the assertion that Plaintiff's

member-physician can pursue its ERISA claims against Cigna based on an assignment of certain rights by plan beneficiaries with respect to benefits provided by Cigna. *See Star Multi Care Services, Inc. v. Empire Blue Cross Blue Shield*, 6 F. Supp. 3d 275, 286 (E.D.N.Y. Mar. 19, 2014) ("[A] healthcare provider may stand in place of the beneficiary to pursue an ERISA claim if the beneficiary has assigned his or her rights to the provider in exchange for medical care."). In turn, Plaintiff alleges that it has been assigned "the reimbursement claims at issue from the Physicians and has the necessary rights and ability to sue[.]" *Id*. ¶¶ 4, 15, 24-26, 53.

43.     As the United States Supreme Court has repeatedly held, the "carefully integrated civil enforcement provisions" in Section 502(a) of ERISA, 29 U.S.C. § 1132(a), set forth the "exclusive" remedies available for the allegedly erroneous denial, non-payment or underpayment of benefits available under an ERISA-governed health benefits plan. *Pilot Life Ins. Co. v. Dedeaux*, 481 U.S. 41, 54 (1987).

44.     Indeed, the exclusivity of ERISA remedies is so strong that it permits removal of any purported state-law cause of action that amounts to an alternative mechanism for enforcing a claim to ERISA-governed benefits. *See Metropolitan Life Ins. Co. v. Taylor*, 481 U.S. 58, 63-66, 67 (1987) (the preemptive force of ERISA operates to "convert[]" ordinary state law claims into federal claims for purposes of the well-pleaded complaint rule); *see also Aetna Health, Inc. v. Davila*, 542 U.S. 200, 209 (2004) (holding that "any state-law cause of action that duplicates, supplements, or supplants the ERISA civil enforcement remedy conflicts with the clear congressional intent to make the ERISA remedy exclusive and is therefore pre-empted").

45.     In *Davila*, two members of ERISA-governed plans asserted state-law claims against managed-care companies seeking damages resulting from injuries allegedly sustained as a result of the defendants' decision not to cover treatments recommended by the members' treating

physicians. *Id.* at 204-05. There, the Supreme Court held that the state-law claims were completely preempted by ERISA and thus removable to federal court, because the defendants' liability for any damages "would exist here only because of petitioners' administration of ERISA-regulated benefit plans," and thus the defendants' "potential liability under [state law] in these cases . . . derives entirely from the particular rights and obligations established by the benefit plans." *Id.* at 213.

46.     The same is true here because the Complaint derives solely from the coverage determination made under CHLIC's insured's ERISA-regulated health benefit plans. *Id.*; *see also, e.g.*, Ex. A, Compl. ¶ 36. Such claims are preempted "no matter how couched." *Pryzbowski v. U.S. Healthcare, Inc.*, 245 F.3d 266, 273 (3d Cir. 2001). The Complaint is thus preempted by ERISA, and this action is properly removable to this Court. *See Davila*, 542 U.S. at 213; *see also Pryzbowski*, 245 F.3d at 273 (noting that claims challenging the administration of or eligibility for benefits "fall[] within the scope of § 502(a) and [are] completely preempted").

47.     In addition, Plaintiff purports to seek relief under the New Jersey Health Claims Authorization, Processing and Payment Act ("HCAPPA"), which has no private right of action.[3] However, it is well-settled that Plaintiff cannot enforce state insurance statutes and regulations against self-funded employee benefit plans because they are completely preempted and not "saved" by the ERISA's insurance "savings" clause. *See* ERISA § 514(b); *FMC Corp. v. Holliday*, 498 U.S. 52, 53 (1990); 29 U.S.C. § 1144(b). "The deemer clause [] exempt[s] self-funded ERISA plans from state laws that regulat[e] insurance." *FMC Corp.*, 498 U.S. at 61 (internal quotation marks omitted).

---

[3] *See MHA, LLC v. Amerigroup Corp.*, 539 F. Supp. 3d 349, 358 (D.N.J. 2021) (holding no private right of action under HCAPPA and that HCAPPA itself "is dispositive in the private-right-of-action analysis" nor did the court "imply a private right of action")

48.     Plaintiff also relies on EMTALA, a ***federal law***, and alleges that "physicians who practice in a hospital's emergency room, as the Physicians here did, are required by federal law to render lifesaving emergency health care services to patients seeking such services." Compl. ¶ 22. After asserting obligations for the "Physicians" under EMTALA, Plaintiff alleges that Defendants have express or implied obligations under the law to "pay the Coalition for emergency services based upon the reasonable value of the emergency health care services provided by Physicians." *Id.* ¶ 25.

49.     Additional federal questions may be asserted in Plaintiff's complaint, but because Plaintiff's Complaint was not filed with a disputed claims list, Defendants are unable to completely assess the Complaint in this regard and reserves all rights accordingly.

## V.     SUPPLEMENTAL JURISDICTION

50.     This Court has supplemental jurisdiction over any non-ERISA causes of action which may be construed in Plaintiffs' Complaint under 28 U.S.C. §§ 1367 and 1441(c).

## VI.     VENUE

51.     The State Court Action was filed in the Superior Court of New Jersey, Law Division, Gloucester County, which is within this judicial district.  *See* 28 U.S.C. § 110.  This Court is thus the proper court for removal under 28 U.S.C. §§ 1441(a), 1446(a).

## VII.     TIMELINESS

52.     Plaintiff attempted to serve each Defendant on January 11, 2024.  (Ex. A.).  Such service was not proper.  *See supra*, ¶¶ 34-37.

53.     Because this Notice of Removal is filed before thirty (30) days of Plaintiff's proper service on Defendants, it is timely under 28 U.S.C. § 1446(b).[4]

---

[4] Even if Plaintiff's attempt at service on January 11, 2024 was proper on any defendant (it was not), this Notice of Removal would still be considered timely filed under 28 U.S.C. § 1446(b).

54.     Accordingly, this Notice of Removal is timely pursuant to 28 U.S.C. § 1446 because 30 days has not passed under Fed. R. Civ. P. 6 since receipt by Defendants, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which the action or proceeding is based. *Murphy Bros. v. Michetti Pipe Stringing*, 526 U.S. 344, 356 (1999) (holding that proper service under state law triggers the time period for filing of removal).

## VIII.   NOTICE

55.     Cigna will give written notice of the filing of this Notice of Removal to Plaintiff's counsel of record, as required by 28 U.S.C. § 1446(d), and a copy of this Notice, together with a Notice of Filing Notice of Removal, will be filed electronically with the clerk of the Superior Court of New Jersey, Law Division, Gloucester County.

## IX.     ALL PREREQUISITES FOR REMOVAL HAVE BEEN MET

56.     As no other defendants are named in the Complaint, consent to this Notice of Removal is not required by any other party. Defendants Does 1-20, inclusive, are nominal parties, and their consent is not required. *See Cacoilo v. Sherwin-Williams Co.*, 902 F. Supp. 2d 511, 516 (D.N.J. 2012) (recognizing that the rule of unanimity may be disregarded when a non-joining defendant is unknown or is a nominal party).

57.     Pursuant to 28 U.S.C. § 1446(d), written notice of the filing of this Notice of Removal—by a document titled "Notice of Filing Notice of Removal"—will be concurrently filed with the Clerk of the Superior Court of New Jersey, Gloucester County and served on Plaintiff's counsel of record by email and FedEx overnight delivery. A copy, without exhibits, is attached hereto as Exhibit C.

58.     Defendants remove this action to this District Court without waiver of any defenses, procedural or substantive, that may be available.  Removal of this case to this District Court does not constitute a waiver by Defendants of the right to seek dismissal of this case.

59.     This Notice of Removal is signed pursuant to Federal Rule of Civil Procedure 11, as required by 28 U.S.C. § 1446(a).

**CONCLUSION**

60.     Based on the foregoing, Cigna respectfully requests that this action proceed in this Court as an action properly removed to it.

Respectfully submitted,

Dated: February 2, 2024                          By:  s/ Caroline E. Oks
       Newark, New Jersey                      Caroline E. Oks, Esq.
                                            Jessica L. Guarracino, Esq.
                                            **GIBBONS P.C.**
                                            One Gateway Center
                                            Newark, NJ  07102-5310
                                            Tel:  (973) 596-4575
                                            Fax:  (973) 639-8317
                                            coks@gibbonslaw.com
                                            jguarracino@gibbonslaw.com
                                            *Attorneys for Defendants The Cigna Group,*
                                            *Cigna Health and Life Insurance Company,*
                                            *and Cigna Healthcare of New Jersey, Inc.*